UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MONSANTO COMPANY AND )
MONSANTO TECHNOLOGY, LLC )
       Plaintiffs, )
)
VS. )  Case Number: 2:07-cv-00283-RLY-WGH
)
VERNON HUGH BOWMAN, )
       Defendant. )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION AND THIRD REQUESTS FOR PRODUCTION

TO:   Vernon Hugh Bowman
       Through his attorney of record
       L. Edward Cummings
       Post Office Box 979
       Vincennes, IN 47591

**COMES NOW**, the plaintiffs, Monsanto Company and Monsanto Technology, LLC (hereinafter "Monsanto"), by and through undersigned counsel, propounds the following Request for Production of Documents and Request for Admission to the defendant, Vernon Hugh Bowman, pursuant to Rule 33 of the Federal Rules of Civil Procedure. Please answer these Discovery Requests within thirty (30) days of service.

### INSTRUCTIONS

1) Please answer each Discovery Request separately and fully, in writing, under oath.

2) If a Discovery Request is objected to, state the reasons for the objection, and answer the Discovery Request to the extent that it is not objectionable.

3) If you do not specifically deny or admit any requested admission, you must set forth the reasons why you cannot admit or deny the requested admission. If you can only admit or deny a portion of the request, you must set forth the portions admitted or denied. Any denials

must fairly meet the substance of the requested admission.

4) These Requests are continuing in nature and must be supplemented or amended to the extent required by Fed. R. Civ. P. 26(e), if you learn of any information that renders a previous response incomplete or inaccurate.

5) If you claim that any information requested by these Requests is not subject to discovery on grounds of any privilege, state with respect to each such item:

    (a)    the date of the information;

    (b)    the type or nature of the information (e.g. letter, conversation, etc.);

    (c)    the person or persons who prepared the information and his, her, or their job title(s);

    (d)    all persons to whom the information was communicated, and the dates of such communications;

    (e)    the subject matter of the information; and

    (f)    the basis on which you claim privilege.

6) If you are unable to answer a Discovery Request fully and completely after exercising due diligence to secure the information necessary to respond, please specify that portion of each Discovery Request which you are unable to answer fully and completely.

7) If you believe a term must be defined before you can answer, please define that term in the manor that you believe it to be most accurate, and provide that definition in your response.

## DEFINITIONS

A. **"You" and "your"** refers to Vernon Hugh Bowman and to each and every business or other entity, including, but not limited to, partnerships, corporations, limited liability companies, or similar entities in which Vernon Hugh Bowman has an ownership interest, as well as any agent or authorized representative or person acting or purporting to act on behalf of Vernon Hugh Bowman (hereinafter "Bowman" or "Defendant").

B. **"FSA"** refers to the Farm Services Agency of the United States Department of Agriculture (formerly known as the Agricultural Stabilization and Conservation Service).

## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1

Admit or deny that you purchased harvested soybeans containing the Roundup Ready® trait from Apple Farms.

**RESPONSE:** I deny that I purchased harvested soybeans from Apple Farms. I do not know the orgin of these beans. I think they were bulk seed beans that had the tech fee already paid but could not be returned to the dealer because there was no label proving what the beans were.

### REQUEST FOR ADMISSION NO. 2

Admit or deny that you planted the soybeans containing the Roundup Ready® trait which you purchased from Apple Farms.

**RESPONSE:** I admit to planting the beans purchased from Apple Farms.

### REQUEST FOR ADMISSION NO. 3

Admit or deny that you sprayed/treated the fields planted with the soybeans containing the Roundup Ready® trait which you purchased from Apple Farms with a glyphosate based herbicide.

**RESPONSE:** I admit to spraying the fields with the soybeans from Apple Farms with glyphosate based herbicide.

### REQUEST FOR ADMISSION NO. 4

Admit or deny that you purchased harvested soybeans containing the Roundup Ready® trait from Ken Meurer.

**RESPONSE:** I can neither deny or admit. I do not know why I purchased the beans from K. Meurer. I should have had enough glyphosate resistant seed saved from my 1998 purchase of commodity mixed beans. I am not even sure his beans were glyphosate resistant.

### REQUEST FOR ADMISSION NO. 5

Admit or deny that you planted the soybeans containing the Roundup Ready® trait which you purchased from Ken Meurer.

**RESPONSE:** I admit to planting the beans from Ken Meurer. I am not sure they contained the Roundup Ready trait.

3

## REQUEST FOR ADMISSION NO. 6

Admit or deny that you sprayed/treated the fields planted with the soybeans containing the Roundup Ready® trait which you purchased from Ken Meurer with a glyphosate based herbicide.

**RESPONSE:** I admit. Same reason as #3 I am not sure they contained the Roundup Ready trait.

## REQUEST FOR ADMISSION NO. 7

Admit or deny that you planted soybeans containing Monsanto's patented Roundup Ready® trait without authorization.

I deny

**RESPONSE:** I have not planted any soybeans subject to Monsanto's patents without paying a tech fee to an authorized dealer or using beans with the tech fee already paid

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:

Please produce all documents evidencing, and/or related to, the communications you had about the subject matter of this lawsuit and/or Monsanto's biotechnology with the individuals and groups you listed in response to Plaintiff's Interrogatory No. 13.

**RESPONSE:** I understand my former defense Attorney sent you 85 letters to various individuals & organizations. The other contacts were conversations that I partially recall. You should have a list of these conversations also. If you did not get this information please let me know and I will send it.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:

Please produce a copy of each Pioneer H-Bred Technology Agreement, license, and/or contract you have signed and submitted to Pioneer Hi-Bred for authorization to purchase and use crop seed containing biotechnological traits.

4

**RESPONSE:** Enclosed is a signed Growers Agreement.

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:

Please produce a statement of net worth, including, but not limited to, a listing of assets, investments, savings, retirement accounts, stocks, bonds, business ownership, income sources, etcetera.

**RESPONSE:** I object. I do not understand why my net worth has anything to do with whether or not I infringed on any of Monsanto's patents.

Respectfully submitted,

By

*/s/ Vernon H. Bowman*
Vernon H. Bowman

Dated this __10__ day of July 2008

21488 E. State Road 58 E.
Sandborn, IN 47578
Ph: 812-694-7129

5

CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Response to Monsanto's Requests for Admission and Third Requests for Production has been served on Plaintiff's counsel via U.S. mail on this ___10___ day of __July__ 2008:

Daniel C. Cox
One US Bank Plaza
St. Louis, Missouri 63101

Peter J. Sacopulos
Sacopulos, Johnson & Sacopulos
676 Ohio Street
Terre Haute, IN 47807-3524

_____
Vernon Hugh Bowman Defendant

<a>

<b><s>October 2002</s></b>

# Pioneer Hi-Bred Technology Agreement

Pioneer Hi-Bred International, Inc.'s Technology Agreement provides you the opportunity to purchase and plant Pioneer® brand products containing or developed with new technologies. This Technology Agreement presently covers Pioneer brand products containing the Roundup Ready¹ gene in corn and soybeans Yieldgard¹ Corn Borer protection in corn, and Herculex² I *Insect Protection* technology in corn.

This Agreement, once signed, will remain in effect until terminated in writing by you or Pioneer. As new information and technologies become available, or if new terms are applicable, we will inform you in writing, at least yearly. Continuing to use the technologies, which are subject to this agreement, is an affirmation and an agreement that you are bound by these and any new terms. All new technology requirements will become incorporated by reference into this master agreement. If you have previously signed a technology agreement with Pioneer, this agreement replaces and terminates any previous agreements.

**THIS AGREEMENT PROVIDES YOU:**
- A Limited License to purchase and plant Pioneer brand corn and soybean products containing the subject technologies described above. See Bag and Tag for important information, which is incorporated by this reference, regarding License rights and restrictions as well as Limitation of Warranty and Arbitration under state seed laws.

**YOU UNDERSTAND:**
- The technology provided with the product may include patented subjected matter owned by Pioneer or licensed from a third party. A list of applicable patents is set forth below. These technologies are protected under U.S. patent law.
- These technologies can only be used in locations where the products have been approved for use by all required governmental agencies. See the appropriate Product Use Guide(s) for the applicable technologies for more information on their use.
- Certain grain marketing responsibilities are required for some of these products due to their regulatory status outside of the United States.

**YOU AGREE:**
- To use the seed containing the subject technology for planting a commercial crop only in a single season.
- To not supply any of this seed to any other person or entity for planting, and not to save any crop produced from this seed for replanting, or supply saved seed to anyone for replanting.
- To not use this seed or its progeny or provide it to anyone for crop breeding, seed production or research (other than to make agronomic comparisons and conduct yield testing).
- To implement an Insect Resistance Management (IRM) program as specified in the appropriate Product Use Guide(s) accompanying your products, if applicable, and to cooperate with Insect Resistance Management programs and research. The IRM program requires planting a non-Bt corn refuge, following EPA-mandated use restrictions as outlined in the appropriate Product Use Guide(s). Please refer to the appropriate Product Use Guide(s), which is supplemental to this Agreement, for specifics related to these terms, including refuge size, distances and management requirements.
- That you are affirming your contractual obligation to follow IRM requirements. Failure to follow IRM requirements can result in the grower losing access to Bt corn for at least one year.
- The IRM requirements set forth in Product Use Guides and referred to in this Agreement supersede the IRM requirements set forth in any previously executed agreement or Product Use Guide.

**GENERAL CONDITIONS:**
- The Grower's rights may not be transferred to anyone else other than a duly authorized agent of Grower without written consent of Pioneer. If the Grower's rights are transferred with Pioneer's consent or by operation of law, this Agreement is binding on the person or entity receiving the transferred rights.
- If the Grower intentionally breaches this Agreement, in addition to other penalties, the Grower's rights under his Agreement will terminate immediately and the Grower forfeits any right to obtain a license to the subject technology in the future. If the Agreement is terminated, you will no longer have a right under this Agreement to purchase seed containing these technologies. Any obligations that arose before termination will continue in effect.

THIS AGREEMENT IS GOVERNED BY THE LAWS OF THE STATE OF IOWA AND OF THE UNITED STATES. THE PARTIES AGREE TO CONSENT TO THE JURISDICTION OF THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA FOR ALL DISPUTES ARISING UNDER THIS AGREEMENT.

If you have any questions about the subject technology or this agreement, contact your seed provider or call Pioneer at 1 (877) 746-6337. For details of the required Insect Resistance Management program and requirements, see the appropriate Product Use Guide(s). A copy is available from your Pioneer seed provider.

* Licensed or applicable U.S. patents include: for Pioneer brand corn hybrids and soybeans containing the Roundup Ready¹ gene — 4,940,835; 5,188,642; 5,352,605; 5,530,196; 5,633,435; 5,717,084; 5,728,925; and 5,804,425; for Pioneer brand corn hybrids containing Yieldgard¹ Corn Borer protection — 5,500,365; 5,352,605; 5,359,142; 5,322,938; 5,164,316; 5,196,525; 5,424,412 and 5,424,200; for Pioneer brand corn hybrids containing Herculex² I *Insect Protection* technology — 5,691,308; 5,188,960; 5,538,880; 5,538,877; 5,489,520; 5,650,318; 5,484,956 and 5,919,675.

I, the undersigned Grower, acknowledge that I have read and understand the terms and conditions of this Pioneer Hi-Bred Technology Agreement and that I agree to them. __12/12/0:__ Day/Month/Year

Signature of Grower or Grower's Agent: *Vernon H Bowman*

Grower's Printed Name: VERNON H BOWMAN     Partners Identification Number: 100-133-732

Address: 12676 N. Bowman Rd

City, State, Zip Code: Sandborn, IN 47578

County: Knox

Sales Rep Name: Kevin Hammelman     Sales Rep Signature: *Kevin Hammelman*

Sales Rep Identification Number: 123006D



**PIONEER.** PIONEER® brand products are provided subject to the terms and conditions of purchase, which are part of the labeling and purchase documents. ®, SM TM Trademarks and service marks, registered or applied for, of Pioneer Hi-Bred International, Inc., Des Moines, Iowa, U.S.A. © 2002 PHII. ¹ Registered trademark used under license from Monsanto Company. ² Herculex I *Insect Protection* technology by Dow AgroSciences and Pioneer Hi-Bred. Herculex is a trademark of Dow AgroSciences LLC. REP AGR

White copy - Return to Pio
Yellow copy - Customer C

</a>