UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
U.S. DISTRICT COURT
TERRE HAUTE DIVISION

2009 SEP -8 AM 9:59

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

MONSANTO COMPANY AND )
MONSANTO TECHNOLOGY, LLC, )
                                )
            Plaintiffs,         )
                                )
v.                              )   Case No. 2:07-CV-00283-RLY-WGH
                                )
VERNON HUGH BOWMAN,             )
                                )
            Defendant.          )

## DEFENDANT'S MOTION TO AMEND ANSWER TO PLAINTIFF'S COMPLAINT

FEDERAL RULES OF CIVIL PROCEDURE - Rule 13-F

Defendant for its answer to Plaintiff's Complaint alleges and says;

1. Defendant admits the allegations of Paragraph Number 1.

2. Defendant has insufficient information to either admit or deny the allegations of Para # 2.

3. Defendant has insufficient information to either admit or deny the allegations of Para 3, 4, and 5

4. Defendant admits the allegations of Para # 6.

5. Defendant has insufficient information to either admit or deny the allegations of Para 7.

6. Defendant admits the allegations of Para 8, 9, and 10.

7. As to Para 11, Defendant admits that he farms land in Knox Co Indiana, and that in 2006 he planted approximately 320 acres of soybeans

8. Defendant denies the allegation of Para 12.

9. As to Para 13, Defendant admits that he purchased harvested soybeans from a grain elevator and used such commodity non-patented soybeans from that elevator to plant second crop soybeans.

10. As to Para 14, Defendant admits that he planted commodity non-patented soybeans purchased from the grain elevator for second crop soybeans.

11. Defendant admits the allegations of Para 15, except that he purchased commodity non-patented soybeans, not soybean seed, and admits Para 16.

12. As to Para 17, Defendant admits that he harvested the second crop soybeans that survived the weed control agent on the fields planted with commodity non-patented soybeans purchased from the grain elevator, but denies the other allegations.

13. As to Para 18, Defendant admits that he did not sell all of such harvested commodity non-patented soybeans but saved a small portion to plant with harvested Non-patented soybeans at a later date.

14. As to Para 19, Defendant admits that he applied a weed controlling agent to the second crop fields he planted with commondity non-patented soybeans purchased from the grain elevator for the purpose of controlling weeds and to determine as to whether the commodity non-patented beans were resistant to glyphosate or not.

15. Defendant hereby incorporates his answers to Para 1 thru 19 of Plaintiff's complaint.

16. Defendant has insufficient information to admit or deny the allegations of Para 21

17. Defendant denies the allegation of Para 22,23,24,25, and 26.

18. Defendant hereby incorporates its answers to Plaintiff's Para 1 thru 26.

19. Defendant has insufficient information to either admit or deny the allegations of Para 28.

20. Defendant denies the allegations of Para 29,30,31, 32, and 33.

DEFENDANT'S COUNTERCLAIM

## DEFENDANT'S COUNTERCLAIM CONTINUED

21. Defendant claims Monsanto knew that Utility patents are exhausted after the first unconitional sale. Under the First Sale Doctrine, an authorized and unrestricted sale of a patented product exhausts the patent's power over that particular product. Monsanto allows their licensed growers (farmers) to sell plaintiff's patented grain to commerical grain dealers without any preconditions imposed on these dealers.

22. Defendant claims Monsanto never demanded that grain dealers keep patented grain from being mixed with convential grain. If Monsanto wants to prevent farmers from obtaining glyphosate resistant grain from elevators to plant for a cash crop; there is an obvious solution. That is for Monsanto to have their Growers' Agreements contain a clause that farmers must sell their patented traits back to Monsanto or to an approved grain dealer who has agreed to keep GMO grain seperate.

23. Defendant claims Monsanto has accused him of infringing on the 605 Patent by making, using, offering for sale, selling or importing into the United States Roundup Ready soybean seed emboding the patented invention without authorization from Monsanto, and will continue to do so unless enjoined by this court. When in fact, Monsanto knew the 605 patent did not apply to Defendant's use of non-patented commodity mixed soybeans purchased at a local grain elevator who was not required to keep patented and non-patented grain seperate.

24. Defendant claims Monsanto has accused him of villfully, and intentionaly planting and using saved Roundup Ready soybeans without authorization from Monsanto in violation of Monsanto's patent rights. When in fact Defendant saved and planted non-patented soybeans that came from non-patented commodity mixed parents that were purchased at an elevator as commodity out-bound grain.

DEFENDANT'S COUNTERCLAIM CONTINUED

25. Defendant claims Monsanto knows that farmers have always been able to buy commodity grain and if they so desire can plant it for a crop; and Monsanto knows that no laws prevent this practice.

26. Defendant claims Monsanto has never objected to grain dealers co-mingling patented grain traits with conventional grain. Monsanto encourages comingling to increase acceptance and use of their products.

27. Defendant claims it is Monsanto's responsibility to warn growers on the possible ways they might infringe on Monsanto's patents. This is especially true when a new invention could change an age old common practice of doing business. Monsanto has never advertized in farm magazines, their own company literature, or any form of communication warning farmers that it is an infringment on Monsanto's patents to plant commodity grain if it is contaminated with patented grain traits at and by a grain dealer.

28. Defendant claims Monsanto's growers' agreements have never forbid licensed growers (farmers) from planting commodity grains for a cash crop if they are contaminated with patented grain or traits at the elevator (grain Dealer)

29. Defendant claims there are no laws that prevent grain dealer (elevators) from selling out-bound grain to anybody. Grain dealers are not required to ask buyers what they plan to do with the purchased grain. There is no law that prevents or implies that a farmer is breaking the law if he decided to plant the purchased commodity grain for a cash crop.

30. Defendant claims that if Monsanto wants to protect their GMO patents and prevent farmers from using elevator (grain dealers) commodity mixed grains with glyphosate resistance as a source of seed. They should have installed their Terminator gene (patented 1998 to cause commodity grain to be sterile.

## DEFENDANT'S COUNTERCLAIM CONTINUED

31. Defendant claims that Monsanto prefers that commodity grain bins at grain dealers contain both convential grains and GMO grains. This gives Monsanto an opening to sue a grower if he uses commodity mixed grain to produce a cash crop. It also becomes a management tool by scaring farmers away from planting elevator purchased commodity grains.

32. Defendant claims that Monsanto contends that it does not matter how you obtain glyphosate resistant grain to plant (seed) for a cash crop; thru spreading by insects, by impure non-GMO seed purchased from Monsanto's authorized dealers, by wind (as is common with corn) or by unknown factors the patented traits belong to Monsanto and the farmer who has these traits on his land is infringing on their patents. This is in violation of logic. It is Monsanto's failure to prevent the spread of these man made plants that cause them to end up where they are not wanted.

33. Defendant claims that when Monsanto's patented glyphosate resistant traits invade a field of non-resistant crops in the form of glyphosate resistant volunteer plants; Monsanto takes no responsibility and will not pay to remove these plants.

34. Defendant claims that Monsanto's genetically improved soybeans that are marketed by Monsanto as Roundup Ready soybeans are an invented plant and not a soybean.

35. Defendant claims that Monsanto should not be allowed to call their invented plant a Roundup Ready Soybean; because nowhere in nature are soybeans resistant to Roundup. Monsanto should not be allowed to imply their patented plant is a soybean when it is a relative of the soybean.

## DEPENDANT'S COUNTERCLAIM CONTINUED

36. Defendant claims that Monsanto is using deceptive advertising in promoting their Round Ready Soybeans. Roundup Ready Soybeans are an invention of Monsanto and are not a true soybean. Monsanto's labels on their retail containers should clearly state that Roundup Ready Soybeans are Monsanto's invention and not a true soybean.

37. Defendant claims that Monsanto tried to prevent him from buying seed with patented traits from Monsanto's licensed dealers without notifying their dealers or showing Defendant a legal reason.

38. Defendant claims that Monsanto accusses him of illegally purchasing patented seed for his 2007 planting because defendant was told by Monsanto that he was not authorized to do so; even though Monsanto made no effort to notify defendant's supplier (Pioneer) or serve any legal papers.

39. Defendant claims that Monsanto's lawsuit has caused some neighbors to feel that Defendant has cheated or violated his Grower's Agreement.

40. Defendant claims that Monsanto's action has caused Huey Soil Service and ADM of Sullivan, Indiana (both grain dealers) to refuse to sell Defendant any out-bound soybeans.

41. Defendant claims that Monsanto's unjustified lawsuit has cost him $20,000.00 in attorney fees.

42. Defendant claims that Monsanto has clearly been misusing its patent rights.

# PRAYER FOR RELIEF

WHEREFORE, Defendant prays that process and due form of law issue to plaintiff requiring him to appear and answer the allegations of this counter-complaint, and that after due proceeding are had, there be judgment in favor of Defendant and against the Plaintiff, proving the following remedies to Defendant:

A) Entry of judgment for $20,000.00 plus interest to compensate Defendant for Attorney fees caused by Monsant's frivous lawsuit.

B) Entry of an order demanding that Monsanto print notices in all farm magazines or publication stateing that farmers are allowed to purchase out-bound grain even it they plan to plant this grain for a crop.

C) Entry of judgment for costs of expenses and time spent by Defendant to defend himself against Monsanto.

D) Such other relief as the Court may deem appropriate

Respectfully submitted by

*Vernon H Bowman*
VERNON HUGH BOWMAN
21488 E. State Road 58
Sandborn, Indiana 47578
Telephone: (812) 694-7129
SEP 4, 2008

CERTIFICATE OF SERVICE

I hereby certify that on ___Sep 5, 08___ a copy ofthe foregoing counterclaim was mailed, postage prepaid, to Peter J. Sacopulos of SACOPULOS JOHNSON & SACOPULOS at 676 Ohio Street, Terre Haute, Indiana 47807 plus a copy to THOMPSON COBURN LLP Attorneys Raymond L. Massey, Daniel C. Cox, David B. Jinkins at One US Bank Plaza, Suite 2600, St.Louis, MO 63101

*Vernon H Bowman*
Vernon H. Bowman
Defendant Pro Se